for the United States. If I may reserve two minutes for rebuttal. You may. Thank you. The issue in this case is whether a violation of Maine's statute which punishes aggravated assault and has as an element the use, attempted use, or threatened use of physical force against the person of another, qualifies as an Armed Career Criminal Act violent felony when it permits a conviction based on a mens rea of recklessness. This is an issue that is deeply dividing courts all around the country. The Maine statute doesn't use the phrase against another, does it? It does not. Okay. I will get to the statutory definition of aggravated assault, but in the government's view it very clearly satisfies the force requirement of Johnson 1, and the only real issue is whether the mens rea requirement disqualifies it. This issue has been the subject of many cases. So far the Federal Circuit Courts are ruling in the government's favor. The Eighth Circuit has decided it in the issue of the Armed Career Criminal Act. The Fifth Circuit has decided it twice in the context of the identically worded sentencing guidelines. Even in this circuit where there is a deep division, the courts that have ruled against the United States have expressed extreme misgivings about the correctness of their ruling. So this is an important issue. You overlooked, did you not, that the Tenth Circuit has decided the issue against you? I did not overlook it. It was cited in the brief. So we are two to one, Judge Salyer. Okay. What is But still counting. Still counting and hoping it will be three to one. The significance of this case is really that it relies on a statute that both defines the elements of the crime and defines the mens rea of recklessness. So we are not reverting to a common law definition of the crime or a common law definition of recklessness. Maine permits a conviction for aggravated assault under three circumstances. One where there is a cause of serious bodily injury to another, Judge Barron, and that is To another. I'm sorry? To another, not against another. To another. To another. A serious risk of physical death, permanent impairment or disfigurement, the loss of a function of a bodily member or an organ, or an extended convalescence to recuperate. The second one is causing bodily injury with use of a dangerous weapon. Bodily injury is defined by statute as physical pain or physical illness or impairment of physical condition comes very closely under the Johnson 1 definition. Dangerous weapon by statute is defined as a firearm or weapon in which in the manner it is used or threatened to be used is capable of producing death or serious bodily injury. And then the third is causing bodily injury under circumstances manifesting disregard for the severe consequences of the act. Significantly, all three of those statutory definitions of the crime also rely on a statutory definition of the term recklessness. It's pretty long, so I will summarize it. In essence, it requires a conscious disregard for the risk that the person's conduct will cause. It takes into account the attendance circumstances and the nature and the purpose of the conduct, and it amounts to a gross deviation from the standard of conduct of a reasonable or prudent person. That is a very meaty definition of recklessness. And the fact that it is a statutory definition of recklessness was of considerable significance to this court when it decided the Voisin opinion that went up to the Supreme Court and ultimately was affirmed. If Voisin's statute doesn't have the phrase against another, this federal statute does. Correct. So what is the significance of the extra words in this statute? If I'm hearing you right, if they had deleted those words in this statute, the answer would be the same. So they're just unnecessary words. Against another. Is that your view? Against another. We are surplusage. Yes, because... So we normally don't treat language in a statute as surplusage, and that's what I'm puzzled by. Well, and then you can look, Judge Barron, to the way the main courts have interpreted it. No, no, I'm talking about the federal statute. I understand. But what you're telling me, if I understand you correctly, Judge Barron, is that because the main statute doesn't have the language against the person of another... What I'm saying is the... Well, I suppose in part, so maybe you are answering what I was asking. You say under Maine law... Under Maine's interpretation of its aggravated assault statute, and also its assault statute, are all in the context of injury to a person. Yes, no, I know that to a person. Correct. The question is whether the phrase against another excludes this mens rea of recklessness. That's not an issue presented in Voisin itself, because the statute doesn't have that phrase. Correct. So we now have a statute with that phrase. What does that phrase do in your view? Nothing compared to what the statute did in Voisin or something. Well, if you're asking me whether I think Voisin applies to this case, even though the language is different, the language is different. The language of the statute in issue in Voisin was use of physical force, period, by a person involved in a domestic relationship. Correct. So there was a correlation between the force and a person. The Armed Career Criminal Act requires the use, attempted use, or threatened use of physical force against the person of another. This statute clearly requires the infliction of force, and it has been interpreted under Maine law only to apply to people. So in our view, even though it is not a direct correlation, it is quite close. Let me put it slightly differently. One way of understanding the phrase against another is that there is a degree of intentionality being imagined, not just with the use, but with respect to the intended victim. So that I intend to use force against another, not I'm driving a car recklessly. I don't know who it may harm, but I consciously disregard the risk of whoever it might harm. And that suggests, if that's right, that's Thomas's dissent in Voisin very much. One reason he may not have prevailed is because the phrase against another, which he keeps repeating, simply isn't in the statute in Voisin, but it is here. And just as a matter of natural language, the Monopenal Code doesn't refer to recklessness as against another. The Maine statute doesn't refer to it as against another. In ordinary language, you might think that does seem to suggest a singling out or an identified target, as opposed to just reckless conduct where someone may be hurt, but I don't know who and I don't intend any person to be hurt. Well, two parts of that. One part of it is the way Maine courts have decided it, and they have all been in the context of use, which whether you say to another person or against another person, they have all involved another person, and they have involved the reckless use of force, which has a conscious disregard for the risk that the person's conduct will cause. I see I am quickly running out of my time. May I move on, Judge Barron? Go ahead. We understand that there are reasons that Voisin could be minimized in this case, but there are powerful reasons that Voisin should apply in this case. One is that simple assault, which is the crime and issue in Voisin, is the lesser included offense of the exact same statutory crime of aggravated assault that is an issue here. One is Section 207, the other one is Section 208. The second is that neither of those statutes punishes accidental conduct. It all requires deliberate volitional acts on the part of the perpetrator. The third is the policy considerations. The courts have made handy reference to the model penal code, its definition of recklessness, its definition of assault, and one of the considerations in Voisin was that to invalidate Maine's simple assault would basically render inoperative the same statutes that rely on the same definition of assault in 35 states. I've done an informal summary. There are at least 23 states that define aggravated assault in the same way that Maine does or similarly to the way Maine does and under the model penal code. So there is a danger that the same result would affect here. And the final is, Judge Barron, simply to point out common sense, that you have the active employment of a dangerous weapon and a dangerous weapon bringing us back to Wendleton is something that imports the element of force into what might be an otherwise overbroad crime. So it's the combination of the statutory language of the crime, the statutory definition of recklessness, Voisin's very broad inclusion of recklessness. It's really broader than what this Court did in Voisin. And the policy considerations and common sense. Thank you. Thank you. Good morning. May it please the Court, my name is James Nixon and I am the Assistant Federal Defender in Bangor, Maine and I represent the appellee, George Bennett. Mr. Bennett respectfully asks that the decision of the United States District Court for the District of Maine finding that he does not have three valid predicate offenses that would render him susceptible to the enhanced penalties of the Armed Career Colonel Act be affirmed. The essential issue in this case is whether the word use has the same statutory meaning and definition pursuant to both 18 U.S.C. 921A33A and 924E2B1. We believe the District Court was correct in saying that it does not. One word that I would like to highlight for the Court this morning is the word context. The Court in Voisin and the government places great significance on the Voisin decision notwithstanding the fact that it is not a, I'll use the shorthand this morning, it's not an ACCA case. It's a 922G9 case. Just as Castleman was a 922G9 case. The distinction between those two is that Castleman talks about ACCA. Voisin, and I've looked through every single page of Voisin, I don't see a single reference to ACCA anywhere in Voisin. There isn't a reference to Voisin, but Justice Kagan takes a phrase, use of force, gives that phrase essentially its common law meaning, and you now ask us to say that well yes, Congress used it in that sense in one statute, but in this other statute they must have meant something else even though they didn't say so, and it just kind of sets my teeth on edge to think that simple language like that would have diametrically opposed meanings in two different statutes. Well I'm not sure that Voisin is completely inconsistent with Castleman, and I would point to footnote four in Voisin, which talks about, there are essentially three different statutes. I've talked about 921A33A, 924A2B1. There's also 18 U.S.C. section 16. I understand that Voisin prudently leaves the question open. I understand that. And perhaps it was left open because Castleman had addressed it, and Castleman addressed it in the sense that it said there is a hesitance to apply, for example, the definition of physical force from Johnson 1, excuse me. Hold on one second. Sure. Sorry, Jeff. Do you want to take a minute? Why don't we just stand and recess for a few minutes. I'm sorry. Yeah, hi, it's Dan. Can you transfer me to Jindal Heart? Yes. Thank you. Why don't we add two minutes, just since you broke your chain, and that will be equal to two minutes that your other counsel received. Over. Okay, thank you, Judge. I think at the time that the BP began, I was addressing Judge Selye's question about the fact that there's this question about whether there are different definitions of use. And what I would point to is in Voisin, there is an emphasis made on the fact that the Supreme Court issued its holding based on two things. One was the statutory text. Secondly, it looked at the context and the history of 922 G9. And in so doing, it recognized that this was a 1996 statute that barred domestic abusers convicted of garden variety assaults, just like felons from owning guns. Again, it's that word context that appears there. And that's consistent with Castleman that tells us that there is a misdemeanor-specific definition of the use of force. We think that there also should be a misdemeanor-specific definition of the use of force and also an ACCA meaning of the word use. Are you not relying on the inclusion in this statute as opposed to the other of the language against another? I think that's important. I was listening to the call that the court had with the government. I'm not sure that that was by accident. I think that against another, another, as Your Honor pointed out, connotes to me that there is a level of intentionality that's associated with the word against that is not necessarily associated with word to another. And to that point, am I right that there was no residual clause in the statute in Guazine? My understanding was that there was not and that there is a residual clause, which I know is not operative because of the vagueness concern. But that residual clause talks about a potential risk, which if I'm understanding it, that would seem like that would pick up a reckless thing. It just happens that that clause is out. I think that's correct, yes. And that wasn't true in Guazine. There was no residual clause of any kind. That's right. And I think that's another reason why the Supreme Court has expressed hesitance to have this be a one-size-fits-all result. Back to Judge Selye's point about the footnote four in Guazine, I think it recognizes that the Supreme Court had already spoken on that issue in Castleman. And perhaps the Supreme Court reasoned that it was not necessary to have that footnote four in Guazine. And I think that's the reason why the Supreme Court has expressed a lot of hesitation to reach that issue again in Guazine. I see them as a possibility of the two being dragged together, Castleman and Guazine. We don't have any guidance from the Supreme Court at this point on the issue of recklessness and whether or not it is a sufficient mens rea to find that there's been a crime of felony. If I understood your opponent, her contention is that against another language is effectively in the statute in Guazine because it's talking about use of force, not just in the abstract like in a forest, but that there's somebody who ultimately is the victim of that use of force. And since that's the case in that statute, even though the language is different in some ways, there's not a meaningful difference. I think that brings us back to the mens rea. The main state statute talks about knowingly, intentionally, or recklessly. And I think that the example that I've been sort of mulling over in my head as I prepared for today is sort of akin to Justice Thomas and his dissent in Guazine. And I think what if there's someone on their way to work in the morning and they are in their car and they get an email from work that they say, geez, I just have to respond to this. And they do it as they're backing out of the driveway. And they back out into the road and they cause serious bodily injury through their recklessness to someone who was passing by. There is now serious bodily injury to another. There's not serious bodily injury in my reading of it against another when you consider the varying forms of the mens rea included in the main aggravated assault statute. Is there any recklessness statute of which you're aware or the Model and Penal Code definition that uses a formation other than to another? I'm familiar with the same definition of recklessness that my colleague from the government addressed earlier this morning. So in closing, we simply believe that there are different, there are valid reasons why NACA and why 922 G9 should be treated differently. As Ms. McGraw pointed out, in Guazine there was a recognition that had the court carved recklessly out, there were a significant number of jurisdictions across the country who would not have been able to prevent firearms from being in the hands of domestic abusers. This is a different kettle of fish I might suggest. The reason that we're here is because this is an armed career criminal case, which is armed career criminal is only invoked when you have someone who is a felon in possession of a firearm. They've already achieved that status. They don't, by virtue of that conviction, unless there's a predicate, they don't have the status, they have a more difficult status to deal with than someone who is a 922 G9 misdemeanor. This is a felony possession. They're looking at a federal prison term of 15 years if recklessness constitutes a mens rea that supports a conviction. And we simply suggest that it does not. Are you saying, is that a way of saying that Rule 1 of the applies here? I mean, suppose we think it's ambiguous or that it's not. I assume that Rule 1 of the could have application here, is that right? It could. I wasn't prepared to argue that. I was simply setting that dichotomy up to highlight, again, the context issue that the Voisin court raised and the Castleman raised in recognizing that there were reasons why the Supreme Court was not extending certain definitions to the armed career criminal act. Thank you. The brief break gave me an opportunity to think about your question, Judge Barron. And I thought of Leocal, which has to do with force. Leocal, the statute in issue in Leocal, Section 16, which has the use of force against the person or property of another. And it appears from my quick re-reading of Leocal that the phrase against the person or property of another had absolutely nothing to do with the mens rea requirement. I read it just the opposite. I thought they were relying on that in explaining why negligence was out. Is that wrong? Well, I think... Because they repeat the phrase in full each time when they explain why negligence is out. Now, I thought there was a question whether that phrase also excludes recklessness. Leocal certainly doesn't decide that. But I thought that the phrase was being invoked to explain why negligence was out. Because they say it would be, you don't stumble against another. You know, that seems to imply a whole level of intentionality beyond just use. But maybe... Well, I think the principal problem that we're all getting into here is mixing up the definition of force with the mens rea. Force has to do with use. That has to do with the actus reus. Recklessness has to do with mens rea. And I think they are two separate analyses. And I think the fact that Wazin so clearly focused on, as Judge Selye pointed out, the word use, which has a very common understanding, not common law understanding, but a common understanding. And there is no reason that Congress would have intended that very simple, very plainly understood word use to have one meaning in one context and another meaning in another context. I realize that context matters. Doesn't Justice Kagan say that it's a word that has many meanings? I thought Justice Kagan expressly says in Wazin that the word use is a word that has many meanings, precisely because it, you know, depending on how you use it... It says that the way I read Wazin, and you're the reading that counts, but the way I read Wazin is that the word use is one that has a very simple understanding that everybody understands, every person understands. So it's different from the question of force, which may have more of a legal connotation. To answer your question about the model penal code, its definition of recklessness is very, very close to Maine's. Thank you.